ZACHARIAH BATES ET AL *v.* JOHN BATES ET AL.

Gift—Undue Influence—Deed.

A deed by a grantor to three of his children, and to the exclusion of others, executed during the life of the deceased, and at a time when in full control of his mental faculties, and in accordance with an oft expressed desire, will be held binding, though it cover all the property of the grantor.

APPEAL FROM HENRY CIRCUIT COURT.

September 23, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

At the date of the contested instrument, it is certainly true, that John Bates, Senr. was in the habit of indulging in the use of intoxicating liquors to very great excess; but it appears from the evidence of both the attesting witnesses to the instrument, that when he executed and acknowledged the same, he was sober, or sufficiently so to understand thoroughly the business he was engaged in, and to comprehend the effect and consequences of his action when consummated. When he first applied to Thomas to prepare the deed, he was warned by him to reflect about what he contemplated doing, that he would thereby deprive himself of his property, and when done, he could never undo it, to think of it until after dinner; and if he then determined to make the deed, to return and he would prepare it for him; he left and was absent an hour or two, then returned, and told Thomas to prepare the deed, for he would make it, and Thomas wrote it, and Bates executed and acknowledged it before him, he then being the clerk of the Henry county court.

But the deed was not the offspring of a day's reflection and a hasty conclusion. Thomas testifies that on several occasions when he had met the grantor, he told him that he intended to convey his land to his three younger sons, and he wanted him to write the deed, and other witnesses testify that he had at divers times and in their presence expressed his determination to convey his land to his three younger sons. So that the conveyance was the com-

pletion of a fixed and pre-determined purpose of John Bates, Senr., often expressed, and which in view of his dissipated habits and the wasting of his estate consequent thereon, may not have been an imprudent nor unwise act. At all events, the evidence falls far short of establishing the want of sufficient intellect on the part of the grantor at the time, to make the deed, nor was he incapacitated by drunkenness. And there is no evidence whatever that the deed is not precisely as he intended it should be. He expressed no intention of making provision for his other children to the draftsman, at the time, or to any others before.

Upon a careful review of all the evidence in the case, none is found which furnishes the slightest reason for setting aside the deed.

Wherefore, the judgment dismissing the original petition, and the cross-petition with costs, is *affirmed*.

*Pryor & Barbour, for appellants.*

*Drane, for appellees.*